Cowin, J.
Amended Findings of Fact, Rulings of Law and Order for Judgment*
After the submission of motions for reconsideration and opposition thereto and hearing on said motions, the Court amends its findings of fact, rulings of law and order for judgment in this case as follows (all other parts of the original to remain unchanged):
a) Finding No. 9 is deleted.
b) Finding No. 16 is replaced by the following:
In June, 1991, the Mercedes was inspected [prior footnote omitted] by Egnet of the National Insurance Crime Bureau, a non-profit organization funded by insurance companies. Upon looking at the VIN plate on the windshield, Egnet saw that the VIN number was incorrect. Instead of the fourteen VIN numbers that all Mercedes have, he saw that the plate contained only the last eight numbers. The plate appears to have only eight numbers. The first six numbers could be seen but only with great difficulty as they appeared in a very faded fashion. Upon further investigation, Egnet found other and different VIN numbers on various motor components. This led Egnet to investigate further. He eventually concluded that the vehicle was not a 1975 Mercedes 450 SLbut, in fact, a 1972 Mercedes 350 SLC that had been stolen in 1987.[4]
c) Finding No. 20. Upon learning that the Mercedes was not the car it was purported to be, Whittenberger requested that O’Brien refund the purchase price. O’Brien refused to do so. This finding is based upon the April 1, 1991 response letter from O’Brien Nissan’s attorney to Presutti and the Court’s failure to credit the testimony of Sullivan that a refund offer was made in July, 1991.1 find Sullivan not to be a credible witness.
d) Finding No. 22. O’Brien Nissan’s attorney responded to Presutti’s letter by a letter dated April 1, 1991. O’Brien Nissan’s letter stated that it had not acted in an unfair or deceptive manner. The letter stated that the VIN number:
on the dashboard of this particular 1975 Mercedes was the same VIN as on all the registry papers which the prior owner presented to Tom O’Brien Nissan, Inc. Tom O’Brien Nissan, Inc. would have had no reason to, and did not, look any further to identify whether there were any other VIN numbers anywhere else in the automobile. It is my client’s position that they would have had no occasion or cause to look any further than the VIN on the dashboard since it corresponded with the registry papers.
These statements were totally contradicted at trial by the entire trial position of O’Brien Nissan. O’Brien Nissan’s own employee, Sullivan, contradicted these statements. All evidence at the trial was, and I find, that O’Brien Nissan had never looked at the VTN number on the windshield and that its practice was, and is, not to do so. As this letter was the statement of O’Brien Nissan’s authorized representative, O’Brien Nissan is bound by its contents.
Presutti was the plaintiffs agent for purposes of the instant transaction. See footnote 2.
e) Finding No. 33. O’Brien Nissan has not committed a willful or knowing violation of G.L.c. 93A. Its actions were sloppy and made with reckless disregard for the truth and constitute unfair and deceptive trade practices. See G.L.c. 93A, §11.
DISCUSSION
It is clear to this Court that the conduct of O’Brien Nissan in this case is precisely the type of unfair business practice that G.L.c. 93A is designed to encompass. O’Brien Nissan was negligent in not checking the VIN number of the car it purchased in trade from Ms. O’Shea against the VIN number on the registration she presented. It further acted with reckless disregard for the truth or falsity of the representation it made to Whittenberger, that the car was a 1975 Mercedes 350 SL. This total lack of concern for the truth may be designed simply to save the time of salespeople so that their time can be used to sell other cars; it may be that the lack of concern for the truth is designed to avoid learning that stolen cars are in fact being passed in trade. In any event, it clearly is an unfair business practice to sell an automobile as a certain year, model and make without even checking the windshield VIN number with that on the registration to ascertain that the car is indeed the purported year, model and make. If, as the testimony indicated, this is the practice in the industry, such practice is hardly laudable. Whittenberger is entitled to rescission of the contract and attorneys fees under G.L.c. 93A.
*521 It is true that Presutti too could have examined the VIN number on the windshield. I have found, however, that Presutti did not act unreasonably in relying on O’Brien Nissan’s representations about the Mercedes.
The fact that Ms. O’Shea sold O’Brien Nissan a car other than what she claimed it to be entitles O’Brien Nissan to rescission of its contract with her. O’Brien Nissan seeks to recover against Ms. O’Shea under G.L.c. 93A as well. Broad though G.L.c. 93A was intended to be, it is clear from its terms that it was not designed to encompass actions by business people against consumers. Even if G.L.c. 93A were applicable, it is one thing for a dealer to be held responsible for ascertaining that a particular vehicle is what it is purported to be. The factors are completely different for an individual consumer in an isolated transaction. Thus, O’Brien Nissan cannot recover against M. O’Shea under G.L.c. 93A.
This result leaves O’Brien bearing the brunt of the G.L.c. 93A damages and attorneys fees. Given the purpose of the statute, this is not inappropriate.
RULINGS OF LAW
a) Ruling No. 2 is deleted.
b) Ruling No. 12. It is only when acts of misrepresentation amount to “intentional fraud” that multiple damages are appropriate. VMark Software, Inc. v. EMC Corp., 37 Mass.App.Ct. 610 (1994).
c) Ruling No. 13. When a person in the conduct of trade or business engages in an unfair or deceptive act, attorneys fees and costs may be imposed pursuant to G.L.c. 93A, §11.
ORDER
Judgment is to enter for plaintiff on Counts 2,[9] 3 (negligent misrepresentation)[10] and 5 in the amount of $5,000.00. Judgment for the defendant on Counts 3 and 4 (fraud and rescission). Judgment for plaintiff on Counts 7 and 9 (G.L.c. 93A) in the amount of $5,000.00 plus attorneys fees and costs of $17,140.60. Counts 6 and 10 were withdrawn and are dismissed.[11] Total judgment hereunder for the plaintiff is to be $22,140.60.
Judgment for the third-party plaintiff on Counts I and IV of the third-party complaint against the third-party defendant in the amount of $5,000.00. Judgment for third-party defendant on Counts II and III of the third-party complaint.

Editor’s Note: This opinion amends the immediately preceding opinion.

Nhere was no evidence regarding the relative values of the two cars. Common knowledge is that a 1975 automobile is substantially more costly than a 1972. The difference in price is not essential to my decision. There was also no evidence as to the physical differences between the two cars and whether car dealers would ordinarily recognize the difference in characteristics between a 1972 and a 1975 Mercedes.

Count 1 contains only factual allegations.

The Complaint contains two counts numbered “3.” One is titled “Fraud and Rescission,” the other “Negligent Misrepresentation.” I have entered judgment for defendant on the former and for plaintiff on the latter.

The Complaint does not contain a Count 8.